IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EMILY DECK, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| *vs.* ) | No. |
| ) | |
| CVP OPERATIONS IN, LLC d/b/a ) | |
| COYNE VETERINARY CENTER ) | |
| ) | |
| *Defendant.* ) | |

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Emily Deck, by counsel, and for her Complaint for Damages states:

## PARTIES

1. CVP Operations IN, LLC, d/b/a Coyne Veterinary Center, ("Coyne") is a Delaware limited liability company with its principal place of business at 970 E. 181st Street, Westfield, Indiana, 46074.

2. Emily Deck ("Deck") is a former employee of Coyne who lives at 14418 Simplicity Parkway Apt. 2B Carmel, Indiana, 46033

## JURISDICTION AND VENUE

3. Deck brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S. Code § 1001, *et seq* as modified by the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S. Code § 1166, *et seq*.

4. This Court has federal question jurisdiction over this case pursuant to 28 U.S. Code § 1132

1

5. This Court is a proper venue to bring this action pursuant to 28 U.S. Code § 1132(e)(2) because Coyne's principal office is located in the Southern District of Indiana and the events or omissions giving rise to this claim occurred in the Southern District of Indiana.

## FACTS

6. Coyne is a veterinary center in the business of providing veterinarian services.

7. Deck worked for Coyne from the July 2022 to January 3, 2024.

8. During Deck's employment at Coyne, Deck participated in Coyne's employer sponsored health insurance pan.

9. At the time of her employment separation, Emily was provided a notice of her rights under COBRA.

10. Emily submitted COBRA election paperwork on February 11, 2024, along with payment of the required premium to Employee Benefits Center, which Coyne designated as the payment recipient.

11. Upon information and belief, Coyne acted as its own plan administrator for purposes of compliance with COBRA's requirements.

12. Emily continued to make timely premium payments each month thereafter through June 2024 and otherwise performed all of her obligations under COBRA.

13. Employee Benefits Center cashed each of the checks written by Emily for premium payments.

14. On June 24, 2024, Emily was informed by telephone that her COBRA coverage had been subject to early termination on February 1, 2024.

15. Emily was given no notice prior to the early termination of her COBRA coverage.

16. Coyne was obligated by federal law to notify Emily as soon as practical if it took any action that subjected Emily to early termination of her COBRA coverage.

17. Emily underwent multiple medical procedures between February 1, 2024 and June 24, 2024 in reliance on her COBRA coverage before she was notified that her COBRA coverage had been subject to early termination months prior.

18. Blue Cross Blue Shield paid several, but not all, claims submitted by medical providers for medical services rendered to Emily between February 1, 2024, and June 24, 2024.

19. After Emily was informed in June 2024 that her COBRA coverage had been subject to early termination on February 1, 2024, Blue Cross Blue Shield began denying claims for payment for medical services provided to Emily after February 20, 2024.

20. Emily has been subjected to collection efforts by medical service providers.

21. Emily has personally paid medical bills that should have been covered by COBRA insurance.

## COUNT I: FAILURE TO PROVIDE NOTICE

22. For her Count I, Deck incorporates paragraphs 1 – 20 as if fully restated herein.

23. Coyne is the plan administrator.

24. Deck is a plan participant and/or beneficiary.

25. Deck was entitled to a maximum period of coverage of 18 months.

26. Coyne was required to give Deck a timely written notice of early termination of her COBRA benefits as required by 29 C.F.R. § 2590.606-4(d)

27. Coyne failed to comply with COBRA's early termination requirements by failing to give written notice and failing to give notice prior to the termination date.

28. Deck suffers medical debt and a negative impact on her credit because of Coyne's violation of COBRA's notice requirement.

WHEREFORE, the Plaintiff respectfully requests that the Court: grant judgment in favor of Deck, and against Coyne; award compensatory damages to Deck in the amount of the insurance payments that otherwise would have been paid under the existing insurance plan; award Deck the daily statutory damages in §1132(c)(1); award Deck the reasonable costs and attorneys' fees that she incurred in bringing this action; and for all other relief that is just and proper.

Respectfully submitted,

/s/ James A. Nickloy
James A. Nickloy, 28312-29
NICKLOY, ALBRIGHT,
GORDON, & SIEBE, LLC
5540 Pebble Village Ln., Ste. 300
Noblesville, Indiana 46062
Ph. 317-773-3030
Fx: 317-219-0545
alex@nickloylaw.com